Thomas B. Jubin, 5-2433
JUBIN & ZERGA, LLC
2614 Pioneer Ave.
Cheyenne, WY 82001
Phone: (307) 637-4965
Fax: (307) 637-4788
tom@jubinzerga.com

Andrew H. Turner
*Application for Admission
Pro Hac Vice Pending*
THE KELMAN BUESCHER FIRM
600 Grant Street – Suite 825
Denver, CO 80203
Phone: (303) 333-7751
Fax: (303) 333-7758
aturner@laborlawdenver.com

Case 2:18-cv-00169-ABJ   Document 1   Filed 10/09/18   Page 1 of 13

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2018 OCT 9 AM 11 18

STEPHAN HARRIS, CLERK
CHEYENNE

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| GORDON NOGGLE, <br> ANTHONY CURTIS MONTOYA, <br> JOHN SHIELDS, and <br> TIM L. WALKER <br> on their own behalf and <br> on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> BASIN ELECTRIC POWER COOPERATIVE <br><br> Defendant. | Civil Action No.: 18-CV-169-J |

## COLLECTIVE ACTION COMPLAINT
## FOR UNPAID WAGES

Plaintiffs, by and through undersigned counsel, file this Collective Action Complaint for

Unpaid Wages against Defendant.

## STATEMENT OF THE CASE

1. Plaintiffs and those similarly situated are currently or were formerly employed by Defendant as operations personnel employed to generate electricity at the Defendant's Laramie River Station power plant located in Wheatland, Wyoming.

2. Defendant employed operations personnel in the Laramie River Station power plant around the clock, on scheduled shifts of twelve hours in duration. Defendant required that those workers perform "shift turn over" work at the beginning and end of their shifts. The Plaintiffs and other operations personnel were required to meet with the exiting worker they replaced at the beginning of their shift to receive important information about current operations of the power plant. At the conclusion of their shift, the Plaintiffs and others were required to meet with the oncoming worker replacing them to provide them with important information about current operations of the power plant. This "shift turn over work" policy applied to Control Room Operators (CRO), Plant Operators (PO), Assistant Plant Operators (APO), Equipment Operators (EO), Utility Operators (UO), Scrubber Operators (SO), Auxiliary Operators (AO) and Water Treatment Operators (WTO). These affected operations employees will be referred to hereinafter as "shift workers".

3. Defendant failed and refused to pay the shift workers employed in their Laramie River Station power plant for required shift turn over work. In so doing, Defendant failed to pay their operations personnel required minimum and overtime wages for all hours worked in violation of the Fair Labor Standards Act, ("FLSA"), 29 U.S.C. §§ 201 *et seq.*

4. Plaintiffs seek compensation for Defendant's violations of the FLSA on their own behalf and on behalf of all similarly situated shift workers Defendant employed at the Laramie River Station power plant.

5. This case concerns work performed between October 9, 2015 and the present ("times relevant to this action") and the compensation due for that work.

## PARTIES, JURISDICTION, AND VENUE

6. Plaintiff Gordon Noggle has been employed by Defendant as a shift worker in its Laramie River Station power plant at all times relevant to this action (October 9, 2015-present). During that time, he has worked as a Plant Operator (PO) and as a Control Room Operator (CRO). Plaintiff Noggle performed uncompensated shift turn over work throughout the relevant time period. Plaintiff Noggle's signed FLSA Consent to Sue Form is attached to this Complaint as Plaintiff's Exhibit 1.

7. Plaintiff Anthony Curtis Montoya has been employed by Defendant as a shift worker in its Laramie River Station power plant at all times relevant to this action (October 9, 2015-present). During that time, he has worked as a Water Treatment Operator, a Control Room Operator and as a Plant Operator. Plaintiff Montoya performed uncompensated shift turn over work throughout the relevant time period. Plaintiff Montoya's signed FLSA Consent to Sue Form is attached to this Complaint as Plaintiff's Exhibit 2.

8. Plaintiff John Shields has been employed by Defendant as a shift worker in its Laramie River Station power plant at all times relevant to this action (October 9, 2015-present). During that time, he has worked as an Auxiliary Operator. He is currently in training to become a Water Treatment Operator. Plaintiff Shields has performed uncompensated shift turn over work throughout the relevant time period. Plaintiff Shields' signed FLSA Consent to Sue Form is attached to this Complaint as Plaintiff's Exhibit 3.

9. Plaintiff Tim L. Walker has been employed by Defendant as a shift worker in its Laramie River Station power plant at all times relevant to this action (October 9, 2015-present).

During that time, he has worked as a Control Room Operator, as a Plant Operator and as an Auxiliary Operator. Plaintiff Walker performed uncompensated shift turn over work throughout the relevant time period. Plaintiff Walker's signed FLSA Consent to Sue Form is attached to this Complaint as Plaintiff's Exhibit 4.

10. Defendant Basin Electric Power Cooperative is a non-profit corporation organized under the laws of North Dakota, with a principal business address of 1717 E Interstate Avenue, Bismark, ND 58503-0564.

11. At times relevant to this action, Defendant operated at least nine power plants located in Wyoming, North Dakota, South Dakota, Montana and Iowa.

12. At times relevant to this action, Defendant generated and transmitted wholesale bulk electric power to customers located in at least nine states including Colorado, Iowa, Minnesota, Montana, Nebraska, New Mexico, North Dakota, South Dakota and Wyoming.

13. At all times relevant to this action, Defendant operated the Laramie River Station power plant located at 244 Grayrocks Rd, Wheatland, WY 82201.

14. Defendant employed the Plaintiffs and all similarly situated shift workers in their Laramie River Station power plant.

15. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, this case arising under the laws of the United States. This action arises under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*

16. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2), because all the events and omissions giving rise to the claims occurred in the District of Wyoming.

## STATEMENT OF FACTS

17. Defendant employed the Plaintiffs, and all other shift workers employed at the Laramie River Station power plant ("others").

18. Defendant issued pay checks to the Plaintiffs and others.

19. Defendant required the Plaintiffs and others to perform the shift turn over work at issue in this case.

20. Defendant paid the Plaintiffs and others on an hourly basis.

21. As a matter of uniform policy, Defendant instructed the Plaintiffs and all other shift workers employed at the Laramie River Station power plant ("others") that shift turn over work was mandatory at all shift changes.

22. As a matter of uniform policy, Defendant instructed the Plaintiffs and others that no shift workers could leave their job responsibility until shift turn over work had been completed.

23. Plaintiffs and others performed shift turn over work at the beginning and end of their shifts. The Plaintiffs and others met with the exiting worker they replaced at the beginning of their shift to receive important information about current operations of the power plant. The Plaintiffs and others met with the oncoming worker replacing them at the conclusion of their shift to provide them with important information about current operations of the power plant.

24. Defendants expected and directed Plaintiffs and others to perform shift turnover work for approximately 15 minutes at each shift change.

25. As a matter of uniform policy, Defendant did not pay the Plaintiffs and others any wages for shift turn over work.

26. As a matter of uniform policy, Defendant instructed the Plaintiffs and others that shift turn over work would not be paid time.

27. Plaintiffs and each member of the class they seek to represent handled materials which moved in interstate commerce.

28. Plaintiffs and each member of the class they seek to represent were employed to produce goods for sale or shipment in interstate commerce.

29. At all times relevant to this action, Defendant operated an enterprise whose aggregated, annual gross volume of sales made or business done was not less than $500,000.00.

30. At all times relevant to this action, Defendant sold power in interstate commerce.

31. At all times relevant to this action, Defendant sold power the Plaintiffs and others generated at the Laramie River Station in interstate commerce.

## 29 U.S.C. § 216(b) COLLECTIVE ACTION ALLEGATIONS

32. The named Plaintiffs bring their Count I claims under the Fair Labor Standards Act as a collective action, pursuant to 29 U.S.C. § 216(b), on behalf of themselves and on behalf of all similarly situated employees currently and formerly employed by Defendant. Pending any modifications necessitated by discovery, Plaintiffs preliminarily define this "216(b) Class" as follows:

> All individuals employed by Defendant as shift workers (other than those employed solely as trainees) at the Laramie River Station power plant located in Wheatland, Wyoming between October, 9, 2015 and the present.

33. The relevant time period dates back three years from the date on which this Complaint was filed because the FLSA provides a three-year statute of limitations for claims of willful violations brought under the Act. 29 U.S.C. § 255(a).

34. All potential 216(b) Class Members are similarly situated because they worked for Defendants as operations personnel on a twelve hour shift ("shift workers") at the Laramie River Station power plant and are or were subject to Defendant's uniform policy of requiring shift turn over work and refusing to compensate the same.

## COUNT I
### Fair Labor Standards Act (29 U.S.C. § 201 *et seq.*)

35. Plaintiffs repeat and reallege each of the allegations contained in ¶¶ 1-34 above as if fully set forth herein.

36. This Count is asserted by all Plaintiffs.

37. As set forth in ¶¶ 32-34 *supra*, Plaintiffs assert this count on their own behalf and on behalf of all others similarly situated. 29 U.S.C. § 216(b).

38. Plaintiffs were "employees" as that term is defined by the FLSA. 29 U.S.C. § 203(e).

39. Defendant "employed" the Plaintiffs as that term is defined by the FLSA. 29 U.S.C. § 203(g).

40. Defendant is or was Plaintiffs' "employer" as that term is defined by the FLSA. 29 U.S.C. § 203(d).

41. Defendant employed the named Plaintiffs and others similarly situated in an enterprise "engaged in commerce or in the production of goods for commerce" as defined by 29 U.S.C. § 203(s)(1).

42. Defendant violated the FLSA when it failed to pay the Plaintiffs and others overtime wages for all hours worked beyond forty in a given workweek. 29 U.S.C. § 207.

43. Defendant failed to pay overtime wages for the time Plaintiffs and others spent performing shift turn over work.

44. Defendant's violations of the FLSA were willful. 29 U.S.C. § 255(a).

45. Plaintiffs and others have suffered lost wages and lost use of those wages in an amount to be determined at trial.

46. Plaintiffs and others are entitled to recover unpaid overtime premiums liquidated damages, attorney's fees and costs. 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiffs pray that:

As to their Count I claim brought under the FLSA, Plaintiffs respectfully request an Order from the Court that:

a. This case be certified to proceed as a collective action under 29 U.S.C. § 216(b) and that appropriate notice of this suit and the opportunity to opt-in to it be provided to all potential class members;

b. Individuals seeking to opt-in to this collective action be permitted to do so.

c. Plaintiffs and the 216(b) Class be awarded unpaid overtime wages;

d. Plaintiffs and the 216(b) Class be awarded liquidated damages as required by law;

e. Plaintiffs and the 216(b) Class be awarded pre-judgment and post-judgment interest as permitted by law;

f. Plaintiffs and the 216(b) Class be awarded costs and attorney fees as per 29 U.S.C. § 216(b); and

      g.    Plaintiffs and the 216(b) Class be awarded such other and further relief as justice may require.

Respectfully submitted this 9th day of October, 2018,

/s/ Thomas B. Jubin

Thomas B. Jubin 5-2433
JUBIN & ZERGA, LLC
2614 Pioneer Ave.
Cheyenne, WY 82001
Phone: (307) 637-4965
Fax: (307) 637-4788
tom@jubinzerga.com

Andrew H. Turner
*Pro Hac Vice* Motion Pending
THE KELMAN BUESCHER FIRM
600 Grant Street – Suite 825
Denver, CO 80203
Tel: (303)-333-7751
Fax: (303)-333-7758
aturner@laborlawdenver.com

**Counsel for Plaintiffs**

## FLSA CONSENT FORM

I hereby give my consent to sue for wages that may be owed to me under the Fair Labor Standards Act. I hereby authorize my attorneys to represent me before any court or agency on these claims.

_Gordon Neggih_
NAME

_[signature]_
SIGNATURE

_8-14-18_
DATE

---

## CONSENTIMIENTO PARA ACCION FLSA

Por este medido doy mi consnetimiento para que se haga demanda para pagos que se me deben bajo la Ley de Normas Laborales Justas. Autorizo que mis abogados me representen ante cualquier corte o agencia tocante estos reclamos.

_____
NOMBRE

_____
FIRMA

_____
FECHA

6

Pl. Ex. 1

## FLSA CONSENT FORM

I hereby give my consent to sue for wages that may be owed to me under the Fair Labor Standards Act. I hereby authorize my attorneys to represent me before any court or agency on these claims.

_Tony Montoya_
NAME

_[signature]_
SIGNATURE

_8-14-18_
DATE

---

## CONSENTIMIENTO PARA ACCION FLSA

Por este medido doy mi consnetimiento para que se haga demanda para pagos que se me deben bajo la Ley de Normas Laborales Justas. Autorizo que mis abogados me representen ante cualquier corte o agencia tocante estos reclamos.

_____
NOMBRE

_____
FIRMA

_____
FECHA

6

Pl. Ex. 2

## FLSA CONSENT FORM

I hereby give my consent to sue for wages that may be owed to me under the Fair Labor Standards Act. I hereby authorize my attorneys to represent me before any court or agency on these claims.

_John Shields_
NAME

_John Shields_
SIGNATURE

_8-31-18_
DATE

---

## CONSENTIMIENTO PARA ACCION FLSA

Por este medido doy mi consnetimiento para que se haga demanda para pagos que se me deben bajo la Ley de Normas Laborales Justas. Autorizo que mis abogados me representen ante cualquier corte o agencia tocante estos reclamos.

_____
NOMBRE

_____
FIRMA

_____
FECHA

6

Pl. Ex. 3

## FLSA CONSENT FORM

I hereby give my consent to sue for wages that may be owed to me under the Fair Labor Standards Act. I hereby authorize my attorneys to represent me before any court or agency on these claims.

_Tim L Walker_
NAME

_Tim L Walker_
SIGNATURE

_Aug 14 2018_
DATE

---

## CONSENTIMIENTO PARA ACCION FLSA

Por este medido doy mi consnetimiento para que se haga demanda para pagos que se me deben bajo la Ley de Normas Laborales Justas. Autorizo que mis abogados me representen ante cualquier corte o agencia tocante estos reclamos.

_____
NOMBRE

_____
FIRMA

_____
FECHA

6

Pl. Ex. 4